**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULISSA MARIA CHINCHILLA-JIMENEZ; Z. G.-C., | No. 23-2709 |
| | Agency Nos. |
| Petitioners, | A201-544-054 |
| | A201-544-055 |
| v. | |
| | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

Julissa Chinchilla-Jimenez ("Chinchilla-Jimenez") and her minor daughter,

both natives and citizens of Guatemala, petition for review of a Board of

Immigration Appeals ("BIA") decision dismissing an appeal from an immigration

judge's ("IJ") denial of asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").[1] Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), conducts its own review of the evidence and law, and does not express disagreement with the IJ, we review both the BIA's and the IJ's decisions. *Smith v. Garland*, 103 F.4th 663, 666 (9th Cir. 2024). We review the agency's denial of asylum, withholding of removal, and CAT protection for substantial evidence, *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and its denial of a motion to remand for abuse of discretion, *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      Chinchilla-Jimenez forfeited her challenge to the BIA's denial of CAT relief. The BIA determined that Chinchilla-Jimenez did "not meaningfully challenge[] the denial of her application for CAT protection." Chinchilla-Jimenez fails to "specifically and distinctly" address the BIA's waiver determination and therefore forfeits any challenge to it. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (quotation omitted).

2.      Substantial evidence supports the BIA's denial of Chinchilla-Jimenez's asylum and withholding of removal claims. Chinchilla-Jimenez did not present

---

[1]      Chinchilla's minor daughter, Z. G.-C., seeks asylum as a derivative beneficiary of Chinchilla-Jimenez's application and seeks withholding of removal and CAT protection in a separate application. Because the applications raise identical claims, we do not analyze them separately.

evidence that the gang members who extorted her were motivated by anything other than money. She thus fails to establish any nexus between their threats and a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3.      The BIA did not abuse its discretion in denying the motion to remand. Because the BIA relied on other grounds to deny Chinchilla-Jimenez's asylum and withholding of removal claims, the vacatur of an Attorney General decision cited by the IJ as another basis for denial did not materially affect her claims and remand was unnecessary. *Cf. Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1115–16 (9th Cir. 2024) (finding that the BIA abused its discretion when it denied a motion to remand based on a change in law that provided petitioner with new eligibility for relief). Thus, the BIA did not act "arbitrarily, irrationally, or contrary to law" in denying Chinchilla-Jimenez's motion to remand. *Alcarez-Rodriguez*, 89 F.4th at 759 (quotation omitted).

The petition is **DENIED.**[2]

---

[2]      The temporary stay of removal remains in place until the mandate issues.